```
                                    CLERK'S OFFICE U.S. DIST. COURT
                                         AT ROANOKE, VA
                                              FILED
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF VIRGINIA    NOV 07 2005
                  ROANOKE DIVISION
                                           JOHN F. CORCORAN, CLERK
                                           BY:
                                              DEPUTY CLERK
```

JAY FRANKLIN HOGSTON, )
    Petitioner, ) Civil Action No. 7:05-cv-00404
 )
v. ) **MEMORANDUM OPINION**
 )
GENE M. JOHNSON, ) By: Hon. James C. Turk
    Respondent. ) Senior United States District Judge

Petitioner Jay Franklin Hogston, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Hogston challenges a judgment by the Rockingham General District Court on February 28, 2002, which found Hogston guilty of contempt for violating his probation and revoked a suspended sentence. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

The facts related to this petition begin with Hogston's conviction in the Rockingham County General District Court on May 17, 2001, on misdemeanor possession of drug paraphernalia. The court sentenced him to twelve months in jail on that charge, but suspended the entire sentence on condition that Hogston serve two years of probation. On January 9, 2002, a court services officer notified the General District Court that Hogston had violated the terms of his probation because he had been charged with new criminal offenses. The court issued a capias for Hogston on the probation violation charge on January 14, 2002, and authorities arrested him on January 27, 2002.

The Rockingham County General District Court conducted a preliminary hearing on Hogston's new charges on February 28, 2002. After certifying the new charges to the Grand Jury, the court stated: ". . . [W]hile we're at it I'm going to revoke your probations [sic] on the charges that he was on probation for." (Pet. Exh. B; Resp. Exh. 7). When asked whether

1

Hogston would serve the full suspended sentence, the court answered, "Yes." Id. Hogston did not appeal this ruling. On May 30, 2002, the court ordered that Hogston be released from the probation revocation sentence on time served.[1] The Virginia Department of Corrections does not list the revocation sentence on its "Inmate Sentence Summary," which shows the sentences for which Hogston is currently incarcerated.[2] (Resp. Exh. 5).

Hogston filed a habeas petition in the Rockingham County Circuit Court on January 30, 2004, challenging the revocation proceeding on several grounds:

    A.    Petitioner's right to counsel was violated because no attorney was present or appointed for him during the revocation hearing on February 28, 2002;
    B.    Petitioner's due process rights were violated because petitioner was not present at the revocation hearing;
    C.    The court arbitrarily revoked his probation; and
    D.    Any new revocation hearing should be barred.

The circuit court dismissed the habeas claims on July 4, 2004, finding that they were barred under the rule in Slayton v. Parrigan, 207 S.E.2d 68 (Va. 1974), because Hogston should have raised the claims on direct appeal. The court also found that the record refuted Hogston's claim that he and counsel were not present when the court revoked his probation. (Law Case No. CL04-00109). Hogston's appeal to the Supreme Court of Virginia was rejected by that court on January 11, 2005. (Record No. 042056).

Hogston filed his federal habeas petition on May 4, 2005, alleging the following grounds for relief:

    1.    Petitioner was deprived of the right to counsel during his probation revocation hearing on February 28, 2002.

---

[1] Accordingly to the parties, that same day, the Rockingham County Circuit Court also released Hogston on his own recognizance, with respect to his new, pending criminal offenses, for one week to attend his mother's funeral in Florida.

[2] Respondent remarks that Hogston is no longer "in custody" on the probation violation sentence as required for relief under § 2254(a), because the judge dismissed the entire case on May 30, 2002, on time served. Hogston argues that his probation violation sentence and the sentence on the new criminal charges from 2002 are treated as one aggregate term of confinement under Virginia law and that he is still in custody on the probation sentence, because relief from that sentence would shorten his aggregate term of confinement. See Barnard v. Garraghty, 934 F.2d 52, 55 (4th Cir. 1991). As the court dismisses the petition as untimely, the court need not address this issue.

2

2. Petitioner was deprived of the right to be present at his probation revocation hearing on February 28, 2002.
3. The court deprived petitioner of due process and the right to equal protection by revoking his probation arbitrarily and inconsistently with established state procedures.
4. Any new revocation hearing should be barred as a potential violation of his rights to due process and equal protection.

## II.

The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. R. C. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such

3

extraordinary relief. Harris, 209 F.3d at 330.

### III.

Under § 2244(d)(1)(A), the court calculates petitioner's filing period based on the date when his conviction became final upon exhaustion of available appeals. See United States v. Clay, 537 U.S. 522 (2003). Hogston's right to appeal the general district court's February 28, 2002, revocation ruling to the circuit court expired on March 11, 2002. See Va. Code. § 16.1-132 (defendant has 10 days to note appeal); §1-210 (if court deadline falls on weekend day, deadline is next non-weekend day). Hogston's revocation conviction thus became final on March 11, 2002, for purposes of § 2244(d)(1)(A), and his one-year federal clock started ticking. His year to file a § 2254 expired on March 11, 2003. His state habeas petition did not stop the running of the federal clock because Hogston did not file that state petition until January 20, 2004, long after the federal filing period had expired. Hogston signed and dated his § 2254 petition on May 4, 2005. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under §2254(d)(1)(A).

Hogston appears to argue that the court should calculate his limitation period under § 2244(d)(1)(B) or (D), based on an alleged delay in his being notified of the revocation judgment.[3] He asserts that neither he nor his attorney on the new criminal charges, Mr. Morgan, was present in the courtroom on February 28, 2002, when the judge revoked his probation and sentenced him to serve one year.[4] He also complains that he did not receive a copy of any court order regarding the revocation judgment, the sentence or its dismissal on time served until mid-2003.

The record indicates, however, that Hogston and Morgan were in the courtroom during

---

[3] Subsection C of Section §2244(d)(1) clearly does not apply to Hogston's case. None of his claims rely upon a constitutional right newly recognized by the United States Supreme Court.

[4] In his affidavit, Morgan states that he did not represent Hogston at any probation revocation hearing on February 28, 2002, and was not present at any such proceeding. (Pet. Exh. A). Morgan also states that if he had been present at the revocation hearing, he would have objected. Id.

4

the revocation judgment.[5] According to the transcript, whose accuracy Hogston has not challenged, Morgan finished his arguments regarding the criminal charges, and the court then certified the charges to the grand jury. In the same sentence, the court also revoked Hogston's probation and a moment thereafter, pronounced the sentence. Id. The transcript does not note that any of the attorneys or Hogston left the room before or while the judge was pronouncing the revocation judgment and sentence.[6] Id.

Even if Hogston could somehow prove that he was not present to hear the court pronounce judgment on February 28, 2002, he knew of this judgment no later than May 30, 2002. In mid-May 2002, he received the transcript of the February 28, 2002 probable cause hearing in which the judge revoked his probation. (Pet. Exh. D). On May 24, 2002, and again at a May 30, 2002, hearing in the new criminal case, Hogston asked Morgan about the "probation violation sentence [he] was serving at the time." Id. Clearly, Hogston knew from the transcript that the court had rendered judgment and imposed sentence on the probation violation, even if he had never seen any paperwork. With due diligence, by writing to the court or having family members check with the court clerk, Hogston could have obtained copies of the court's records regarding this judgment and could have pursued a state habeas petition to request a belated

---

[5]The parties offer only a portion of Page 24 of the transcript from the February 28, 2002, preliminary hearing, which reads:
    MR. MORGAN [Hogston's defense counsel for the new criminal charges]: Such as beginning with a J and H rather than a C and a G?
    MR. HOGSTON: That is my signature
    MR. MORGAN: That will be the only argument.
    COURT: Okay. I'm going to certify these for action by the grand jury, and while we're at it I'm going to revoke your probations on the charges that he was on probation for.
    MR. CLAYBROOK: Thank you, Your Honor. Will he serve that full sentence?
    COURT: Yes.
(Pet. Exh. B; Resp. Exh. 7).

[6]In its opinion denying Hogston's habeas petition, the circuit court noted: "[T]he record, which includes the capias warrant and the transcript, refutes Hogston's claim that neither he nor counsel was present for the revocation hearing on February 28, 2002. The court notes that Hogston even addressed the court immediately before the court revoked his previously suspended sentence." (CL04-00109 at 85-86).

5

appeal of the judgment.[7] Even after Morgan told Hogston on May 30, 2002, that the probation case had been dismissed, Hogston does not allege that he attempted to get records of the judgment or the dismissal to verify the status of that case until April 2003, nearly a year later.

The court concludes that, to the extent Hogston can rely on § 2244(d)(1)(B) or (D), his one-year filing period began on May 30, 2002, at the latest. By that date, he knew sufficient facts from which he could, with due diligence, have investigated the outcome of the case, and as such, the general district court's failure to notify him immediately of its judgments in writing no longer impeded him from pursuing post conviction relief in state or federal court. The filing period under § 2244(d)(1)(B) or (D) expired on May 30, 2003, at the latest. Hogston filed his state habeas petition on January 20, 2004, nearly eight months after this filing period expired. Thus, its pendency did not toll the federal clock under § 2244(d)(1)(B) or (D). Moreover, Hogston's lack of diligence in pursuing the facts about the February 2002 probation judgment precludes the application of equitable tolling in this case.

## IV.

In conclusion, the court finds that the petition must be dismissed as untimely. Hogston fails to file his petition in a timely manner under any provision of § 2244(d)(1) and also fails to demonstrate any ground upon which he is entitled to equitable tolling. Therefore, the court will grant the motion to dismiss. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues

---

[7]Instead of seeking confirmation from the court regarding the probation revocation, Hogston relied on Morgan, who was not appointed to represent him in the probation matter. According to Hogston, the attorney advised him on May 30, 2002, that the probation case was dismissed because Hogston and his counsel were not in the courtroom on February 28, 2002, when the judge revoked Hogston's probation. In April 2003, Hogston received a Notice of Driver's License Suspension from the Virginia Department of Motor Vehicles, which listed the one-year sentence imposed after the probation revocation judgment on February 28, 2002. At this point, he first wrote to the court for clarification about the probation violation matter. Hogston apparently believed then, and believes now, that the jail time he had served from February 28 to May 30, 2002, should be credited against his term of confinement on the new criminal charges.

a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 7th day of November, 2005.

/s/ James C. Turk
Senior United States District Judge